IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 7:16CR00033-002 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **TERRANCE DONALD JACKSON,** | ) Judge James P. Jones |
| | ) |
| Defendant. | ) |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Randy V. Cargill, Assistant Federal Public Defender, Roanoke, Virginia, for Defendant.*

The defendant, Terrance Donald Jackson, has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The government opposes the motion. For the reasons stated, Jackson's motion will be denied.

I.

In 2016, Jackson pled guilty to one count of an eleven-count superseding indictment brought against Jackson and three co-defendants. The offense to which Jackson pled guilty was distribution of a substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). On January 31, 2017, Jackson was

---

[1] Counsel for Jackson filed a supplemental motion to Jackson's pro se motion. ECF Nos. 209, 218. Jackson has also filed numerous letters to the court. ECF Nos. 210, 213, 219, 221, 226, 227, 231. I have considered all of these filings in this Opinion and Order.

sentenced by the late Judge Glen E. Conrad to 151 months' incarceration, at the low end of the then-applicable guideline range.

At sentencing, Judge Conrad adopted Jackson's Presentence Investigation Report (PSR) and determined that Jackson qualified for a career offender enhancement because his then-instant offense was a controlled substance offense and because he had three prior felony controlled substance convictions, namely two state court convictions for possession with intent to distribute cocaine and one state court conviction for distribution of cocaine. PSR ¶ 36, ECF No. 161. After applying adjustments for acceptance of responsibility, Jackson was found to have a total offense level of 29 and a criminal history category of VI. *Id.* ¶¶ 39, 79, 80. Accordingly, his guidelines imprisonment range was 151 months to 188 months. *Id.* ¶ 108. Jackson is currently serving his 151-month sentence at USP Coleman II, and his projected release date is July 22, 2027.

Jackson asks that this court reduce his sentence to time served.[2] He contends that if he were sentenced today, he would not be considered a career offender, which would reduce his advisory guidelines range to 41 to 51 months. Moreover, he argues that numerous other extraordinary and compelling circumstances exist, including a significant disparity between his sentence and the sentences of his co-defendants,

---

[2] In his pro se motion, he alternatively asks to serve the remainder of his time on home confinement.

his rehabilitation, and family hardship.  The government opposes Jackson's motion, arguing that (1) Jackson may not challenge his sentence through a compassionate release motion, (2) he would still be considered a career offender if he were sentenced today, (3) he has otherwise not demonstrated extraordinary and compelling reasons warranting a sentence reduction, and (4) the § 3553(a) factors counsel against release.[3]  The matter is now ripe for decision.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).  In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

*A. Jackson's Career Offender Status.*

Jackson contends that if he were sentenced today, he would no longer be considered a career offender for two reasons.  First, he argues in his pro se filings

---

[3] Jackson has submitted evidence showing that he requested relief from his warden. Mot. Reduce Sentence, Attach. 1, ECF No. 209-1.  Although it does not appear that Jackson raised all of the grounds now before the court in his request, the government does not raise this issue, nor is it a reason to deny relief.  *United States v. Ferguson*, 55 F.4th 262, 269 (4th Cir. 2022) (holding that § 3582(c)(1)(A) does not require issue exhaustion and finding that a district court erred by failing to consider a defendant's argument that was not raised in the defendant's request to the warden).

that conspiracy is not a controlled substance offense and that the offense for which he currently is serving a sentence "was conspiracy which the government gave a plea to a lesser offense of aiding & abetting." Mot. Reduce Sentence ¶ 4, ECF No. 209. While it is true that drug-related conspiracy offenses are no longer considered categorical controlled substance offenses for career offender designation, *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), Jackson's underlying conviction was for distribution of cocaine, not a § 846 conspiracy. Accordingly, this argument is without merit.

Jackson also argues that he would no longer be considered a career offender because his three predicate convictions — all violations of Virginia Code § 18.2-248 — do not qualify as valid predicates under USSG § 4B1.2 because of the holding in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). As an initial matter, I note that I may consider such a challenge in a compassionate release motion. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). Although a defendant cannot challenge the validity of his original conviction or sentence through a compassionate release motion, *Ferguson*, 55 F.4th at 272, I may consider intervening changes in the law along with sentencing disparities caused by such changes in exercising my discretion in assessing whether extraordinary and compelling circumstances exist. *McCoy*, 981 F.3d at 285–86; *United States v. Owens*, No. 7:10-cr-60, 2022 WL 17821560, at *4–5 (W.D. Va. Dec. 20, 2022) (discussing *McCoy* and *Ferguson* in

the context of a compassionate release motion grounded on the claim that the defendant would not be designated a career offender because of a change in case law).[4]

I turn next to whether Jackson's Virginia convictions constitute controlled substance offenses and trigger the career offender enhancement in light of intervening case law. A defendant is considered a career offender if, in relevant part, his instant offense is a felony that is a controlled substance offense and he has at least two prior felony controlled substance offense convictions. U.S. Sent'g Guidelines Manual (USSG) § 4B1.1. A controlled substance offense, in relevant part, is an offense that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with the intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2.(b). The relevant Sentencing Commission commentary provides that such

---

[4] The government's reference to *United States v. Jenkins*, 50 F.4th 1185 (D.C. Cir. 2022), in its supplemental filing, Notice New Auth. 2, ECF No. 225, is unpersuasive. In *Jenkins*, the court held that a change in the case law involving attempt crimes and career offender predicates could not constitute grounds for a compassionate release motion. *Id.* at 1207. In doing so, the D.C. Circuit acknowledged that its view was not held by the Fourth Circuit and three other circuits. *Id.* at 1198. Moreover, while the Fourth Circuit later cited to *Jenkins* in a lengthy string cite in its *Ferguson* decision, it did not discuss the case. *Ferguson*, 55 F.4th at 266. Nor is the challenge in *Ferguson* analogous to the challenge brought here. *Id.* at 271 (noting that the defendant's motion was "clearly different" from the challenge in *McCoy* involving a non-retroactive change in the sentencing law).

offenses include the offenses of aiding and abetting, conspiring, and attempting to commit such an offense. USSG § 4B1.2.(b), cmt. n.1.

The Fourth Circuit uses a categorical approach in determining whether a conviction amounts to a controlled substance offense when the underlying statute is indivisible. *Campbell*, 22 F.4th at 441. The categorical approach requires the court to ignore the defendant's particular conduct and instead compare the fact of conviction and the statutory definitions to the criteria of the guidelines. *United States v. Ward*, 972 F.3d 364, 368 (4th Cir. 2020). In doing so, a prior conviction will not support a career offender enhancement if the least culpable conduct criminalized by the relevant statute does not qualify as a controlled substance offense. *Campbell*, 22 F. 4th at 441. In contrast, if the statute is divisible, as determined by the text of the statute and controlling state law, a court will utilize a modified categorical approach, meaning it will analyze a limited class of documents to determine whether the defendant's actual crime and the elements pertinent to that crime categorically qualify as a controlled substance offense. *Bah v. Barr*, 950 F.3d 203, 206–07 (4th Cir. 2020).

In *Campbell*, the case relied on by Jackson, a panel of the Fourth Circuit employed the categorical approach and grappled with whether a defendant's West Virginia drug conviction amounted to a valid career offender predicate. 22 F.4th at 442. The least culpable conduct covered by the West Virginia statute at issue

included the attempted delivery of a controlled substance. *Id*. The *Campbell* court highlighted the conflict between the text of the applicable sentencing guideline, which does not indicate that attempt crimes are controlled substance offenses, and the language of the Sentencing Commission's commentary, which states that an attempt conviction does fit within the definition. *Id.* at 442, 444. The *Campbell* court then determined that it could not "pencil in" words from the commentary into the statutory text, and it held that the defendant's West Virginia conviction was not a controlled substance offense that could support a career offender enhancement. *Id.* at 449. Another panel of the Fourth Circuit held similarly in finding a North Carolina based predicate to be invalid. *United States v. Locklear*, No. 19-4443, 2022 WL 2764421, at *2–3 (4th Cir. July 15, 2022) (unpublished). Recently, a district court reached the same conclusion in discussing a Maryland drug conviction that had been used as a career offender predicate. *United States v. Clay*, No. CCB-11-569, 2022 WL 17812639, at *9–10 (D. Md. Dec. 19, 2022) (discussing in the context of an ineffective assistance of counsel claim).

The government argues that I am foreclosed from finding Jackson's predicate to be invalid for the reasons discussed in *Campbell* because an earlier Fourth Circuit panel held that Virginia Code § 18.2-248 is a valid career offender predicate. I disagree.

In *United States v. Ward*, 972 F.3d 364 (4th Cir. 2020), the court held that convictions "under Virginia Code § 18.2-248 categorically qualify under the ordinary meaning of 'controlled substance offense' in § 4B1.2(b). And the district court correctly counted those convictions as predicate offenses for the career-offender enhancement." *Id.* at 374. The court briefly addressed the conduct covered by the Virginia statute and stated that the prohibited actions satisfy the applicable guideline. *Id.* at 371. However, the specific dispute in *Ward* was whether Virginia's coverage of a broader set of substances deemed controlled substances, as compared to federal law, meant the Virginia statute failed to qualify as a controlled substance offense. *Id.* at 372. The question of whether Virginia Code § 18.2-248 encompassed inchoate offenses, and if so, whether that rendered it an invalid career offender predicate, was a question that was never brought to the attention of, nor addressed by, the *Ward* court.[5] Thus, while I agree with the government that later panel decisions cannot overrule the precedent set by a prior panel, *Payne v. Taslimi*, 998 F.3d 648, 655 (4th Cir. 2021), that rule only applies to the extent the decisions are

---

[5] The district court did briefly address in a footnote the defendant's argument that Virginia's aiding and abetting liability is broader than the federal standard. *United States v. Ward*, No. 3:18-cr-44, 2018 WL 9848286, at *4 n.3 (E.D. Va. Dec. 6, 2018) (finding the defendant's argument to be meritless). Nonetheless, the lower court did not address inchoate offenses, and even if it had, I would not be bound by the decision.

In *United States v. Morgan*, No. 3:22cr52 (DJN), 2022 WL 4472771 (E.D. Va. Sept. 26, 2022), a district court found that an attempted distribution of a substance would involve the conduct of possession, but the court emphasized that it was not deciding whether an attempt crime falls within USSG § 4B1.2.(b)'s list of offenses. *Id.* at *8.

irreconcilable. *Plunkett v. Potter*, 751 F. Supp. 2d 807, 812 (D. Md. 2010). Decisions are irreconcilable when they are "in direct conflict on a given issue." *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004). Because the *Ward* court was not presented with the inchoate offense issue, I do not find that *Ward*'s holding squarely conflicts with *Campbell*, and I find that I must follow *Campbell*. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *see also Helton v. AT&T Inc.*, 709 F.3d 343, 354 (4th Cir. 2013) (noting that the Fourth Circuit attempts to reconcile past decisions, and "not adopt interpretations that place them squarely in conflict").

I now turn to Virginia Code § 18.2-248 and whether it constitutes an invalid career offender predicate. The conduct covered by § 18.2-248 constitutes a single offense and warrants a categorical approach. *Morgan*, 2022 WL 4472771, at *6; *Stillwell v. Commonwealth*, 247 S.E.2d 360 (Va. 1978). Thus, I must look at the least culpable way a person can violate the statute and not the defendant's actual conduct.[6] That statute makes it unlawful to "manufacture, sell, give, distribute, or

---

[6] For this reason, I disagree with the government's position that it matters that two of Jackson's convictions under the statute are for possession with intent to distribute because that would require me to give weight to "the specific version of the offense that the defendant committed," which is appropriate only when undertaking the modified categorial approach. *Locklear*, 2022 WL 2764421, at *2.

possess with intent to manufacture, sell, give, or distribute a controlled substance." Va. Code Ann. § 18.0-248(A). "Distribute" is defined in the Virginia Code to mean to deliver, and "deliver" is defined to include the inchoate offense of attempt. *Id.* § 54.1-3401.[7] Accordingly, I find that pursuant to *Campbell*, Jackson would no longer be considered a career offender. His three prior Virginia convictions used as predicates are not controlled substance offenses because the least culpable conduct encompassed by Virginia statute is an attempt crime.

Moreover, I agree with Jackson that this change in the law now creates a significant sentencing disparity. If he were sentenced today, he would have been subjected to a guideline range of 41 to 51 months, substantially less than the 151-to-188-months range under which he was sentenced. Accordingly, I find that such disparity amounts to an extraordinary and compelling circumstance.

### B. Jackson's Other Circumstances.

As for the other grounds raised by Jackson, I find that they do not amount to extraordinary and compelling circumstances. Jackson alleges that his co-defendants were more culpable than he was but received lighter sentences. Sentencing

---

[7] Although the definitions come from Title 54.1 of Virginia's Drug Control Act, Virginia courts have applied the Drug Control Act's definitions to Title 18.2. *King v. Commonwealth*, 347 S.E.2d 530, 531 (Va. Ct. App. 1986); *Commonwealth v. Honesty*, No. 71951, 1991 WL 835302, at *1 (Va. Cir. Ct. Nov. 15, 1991) (applying the definition of "distribute" and "delivery" from the Drug Control Act to Title 18.2).

disparities between co-defendants, especially when a less culpable defendant receives a more severe sentence than a more culpable co-defendant, can provide a ground for relief in a compassionate release motion. *United States v. Eccleston*, 573 F. Supp. 3d 1013, 1018 (D. Md. 2021). The record shows that Jackson's co-defendants did receive shorter terms of imprisonment than he did — 112 months, 44 months, and 20 months. However, all of his co-defendants had less extensive criminal histories, with criminal history categories of III, I, and I. Finally, this is not a case in which Jackson is less culpable than his co-defendants. He was heavily involved in the offense conduct. PSR ¶¶ 7–24, ECF No. 161. Accordingly, the fact that Jackson's co-defendants received lesser sentences does not constitute an extraordinary and compelling reason warranting relief in this case.[8]

Jackson also contends that his rehabilitation warrants relief. While rehabilitation alone may not be appropriate as a basis for relief, it can be considered as a factor. *United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022) (unpublished). Jackson has participated in numerous programs while incarcerated, which supports his claim of rehabilitation. I also acknowledge that he expresses remorse for his crimes, and that upon his release, he has plans to create a program to help children stay out of trouble. However, the record demonstrates he

---

[8] To the extent that the disparity between Jackson's sentence and his co-defendants' sentences was caused by Jackson's career offender designation, that disparity is an extraordinary and compelling circumstance for the reasons discussed herein.

has also been sanctioned on numerous occasions while incarcerated, including for refusing to work, destroying property, assault, and disruptive conduct. Accordingly, I do not find that Jackson's conduct demonstrates sufficient rehabilitation to weigh in favor of sentence reduction.

Finally, Jackson argues that his family circumstances warrant relief. For example, Jackson's mother suffers from lung cancer and his minor child's mother was recently murdered. He also argues that his other children need him for support. Jackson's latest filing indicates that he plans to live with his son's mother's sister in Salem, Virginia, upon his release, not with his mother. Jackson Reply Ex. 1, ECF No. 232-1. This undercuts Jackson's argument that his mother needs him to care for her. Mot. Compassionate Release ¶ 3, ECF No. 209; PSR ¶ 89, ECF No. 161 (indicating that Jackson's mother resides in Florida). Furthermore, the son whose mother was murdered is currently living with grandparents. Thus, Jackson is not the only available caregiver for the child, and Jackson acknowledges that his son is being well cared for. Jackson Reply ¶ 1, ECF No. 232. I understand Jackson's desire to be with his mother and his children, and I recognize the emotional toll losing other family members has likely taken on him. Jackson Letter at 1, ECF No. 210 (indicating that Jackson lost a three-year-old son to gun violence and lost his father

to a heart attack). However, I do not find such circumstances to amount to extraordinary and compelling reasons warranting relief.[9]

### C. § 3553(a) Factors.

Even in finding the existence of an extraordinary and compelling circumstance, I must still conduct an individualized application of the relevant § 3553(a) sentencing factors before determining whether relief is warranted. *Kibble*, 992 F.3d at 331. Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (citing § 3553(a)). I find that these factors weigh against sentence reduction.

As discussed previously, Jackson has had numerous disciplinary incidents since incarcerated. Unlike in *McCoy*, where the court found relief to be warranted due to a gross sentencing disparity and the defendants' individual circumstances including their youth and lack of criminal history, 981 F.3d at 286, Jackson was

---

[9] Jackson also cites other reasons. He asserts that he suffers from severe depression. But he submits no evidence to support such claim, and in any event, I find it does not constitute an extraordinary and compelling circumstance in this case. He also argues that he cannot reduce his sentence through the participation in the prison's residential drug treatment program because of a state detainer. That circumstance is also not an extraordinary and compelling one warranting relief.

almost 29 when he committed the crime at issue. His criminal history is extensive, with convictions dating back to 2005 that include, in addition to the previous drug convictions discussed, felony eluding of a law enforcement officer, misdemeanor brandishing of a firearm, and assault and battery. PSR ¶¶ 41–75, ECF No. 161. His PSR indicates that his criminal history category would have been VI even without the career offender designation. *Id.* ¶ 79. For these reasons, I find that the § 3553(a) factors, in particular, the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to protect the public, weigh against a sentence reduction.

### III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF Nos. 209, 226, 227, is DENIED.

ENTER: May 16, 2023

/s/  JAMES P. JONES
Senior United States District Judge