CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 7:16CR00033-002 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TERRANCE DONALD JACKSON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Donald R. Pender, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, Terrance Donald Jackson, has filed his ninth Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Jackson asserts that he would no longer be considered a career offender if sentenced today, and that the resulting sentencing disparity, along with his rehabilitation and family hardship, constitute extraordinary and compelling reasons warranting his release. For the reasons stated below, his motions will be denied.

### I.

In 2016, Jackson pleaded guilty to distribution of a substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). On January 31, 2017, the late Judge Glen E. Conrad sentenced Jackson to 151 months of incarceration, the

lowest end of the then-applicable guideline range. Jackson is currently housed at USP Coleman II with a projected release date of September 14, 2027.

On June 24, 2019, Jackson's first motion under § 3582(c)(1)(A) was docketed, asserting that he would no longer be considered a career offender under the First Step Act. Dkt. No. 157. This court denied the motion, finding that Jackson's offense — which involved distribution of cocaine powder rather than cocaine base — was not a covered offense eligible for sentence reduction under the Act. Dkt. No. 164.

On September 7, 2021, Jackson's second Motion for Compassionate Release was docketed. Dkt. No. 202. The motion was largely illegible and denied for failure to state a claim. Dkt. No. 203. He filed his third motion on September 6, 2022, asserting several claims for relief. Dkt. No. 209. Jackson was subsequently appointed counsel, who filed a supplemental motion only as to Jackson's claim that, due to recent legal developments, he no longer constituted a career offender. Dkt. No. 218. Jackson then submitted two letters, stating that he was his child's sole caregiver following the murder of his son's mother. Dkt. Nos. 226, 227. On May 16, 2023, this court denied Jackson's pending motions. *United States v. Jackson*, No. 7:16CR00033-002, 2023 WL 3480900 (W.D. Va. May 16, 2023), *appeal dismissed*, No. 23-6579, 2023 WL 8809308 (4th Cir. Aug. 17, 2023).

Jackson has since filed six additional Motions for Compassionate Release. In a motion docketed on April 11, 2025, Jackson requested that the motion supersede all prior motions. Dkt. No. 265. Accordingly, I will deny Jackson's motion docketed on August 26, 2024, as withdrawn. Dkt. No. 264.[1] The remaining motions thereafter, Dkt. Nos. 265, 269, 278, 280, and 287, are ripe for review and will be denied.[2]

## II.

The statute governing compassionate release provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Notwithstanding a finding of an extraordinary and compelling circumstance, the court must still consider whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) counsel in favor of relief. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

## III.

### A. *2025 Amendments to the U.S. Sentencing Guidelines*.

Jackson received a career offender enhancement at sentencing because, in relevant part, his then-instant offense was a felonious controlled substance offense,

---

[1] In accord with his request, I will also disregard Dkt. No. 259, a letter Jackson submitted detailing his abuse claim.

[2] Jackson has also submitted several letters to the court. Dkt. Nos. 263, 279, 288, and 292. I have considered those letters.

and he had at least two prior felony controlled substance convictions.  Presentence Investigation Rep. ¶ 36, Dkt. No. 161.  Jackson now argues that pursuant to the 2025 amendments to the U.S. Sentencing Guidelines (USSG), he is no longer considered a career offender because he was never actually sentenced or imprisoned for his prior qualifying controlled substance offenses for a term exceeding one year.  Jackson contends that the change in law would lead to a gross sentencing disparity had he been sentenced today.

First, it is unclear what amendment Jackson is referring to, as neither the 2023 nor 2025 amendments to the USSG alter § 4B1.1 — the relevant career offender provision — in a way favorable to Jackson's release.  In any event, it is not necessary that an offender actually serve a term exceeding one year on each of the predicate convictions for them to qualify, only that it be punishable for a term exceeding one year.[3]

---

[3] A defendant is deemed a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  USSG § 4B1.1(a).  A controlled substance offense is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  USSG § 4B1.2(b).

In my May 2023 opinion denying Jackson compassionate release, I found that Jackson would no longer be considered a career offender had he been sentenced today, pursuant to *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), *distinguished as stated in United States v. Nelson*, 151 F.4th 577 (4th Cir. 2025). *Jackson*, 2023 WL 3480900, at *4. I further found that removing the career offender enhancement would have resulted in a sentencing disparity between Jackson and his co-defendants that constituted an extraordinary and compelling circumstance. *Id.*[4] However, recent legal developments now lead me to conclude otherwise.

In *United States v. Nelson*, 151 F.4th 577 (4th Cir. 2025), the defendant was charged under Va. Code Ann. § 18.2-248, the same Virginia statute that served as the basis of Jackson's three prior state convictions that predicated his career offender enhancement. The Fourth Circuit explained that in its post-*Campbell* cases, the court has rejected efforts to analogize state drug distribution statutes to the West Virginia statute at issue in *Campbell* on the grounds that those states separately criminalized attempt offenses from completed offenses. *Nelson*, 151 F.4th at 582. Because Virginia also separately criminalizes attempt offenses from completed offenses — Va. Code §§ 18.2-257 and 18.2-248, respectively — the Fourth Circuit held that the defendant's prior Virginia conviction pursuant to § 18.2-248 was a proper predicate

---

[4] Notwithstanding, I held that the sentencing factors — namely the history and characteristics of the defendant, the need to afford adequate deterrence, and the need to protect the public — weighed against a sentence reduction.

for the career offender enhancement. *Id.* Thus, pursuant to *Nelson*, I find that Jackson would still be considered a career offender if sentenced today and thereby would not be subject to a gross sentencing disparity.

### B. Family Circumstances.

Jackson also seeks release to attend his mother's funeral; to care for his son, whose mother was murdered in 2022; to care for his sister, who he alleges has bipolar disorder and schizophrenia; and to care for his brother, who he alleges is incapacitated with stage 5 kidney failure, as well as for his nephew. As I previously ruled, Jackson is not the only available caregiver for his son — by his own admission, his son's maternal grandparents are his guardians. Additionally, Jackson has provided no documentation pursuant to USSG § 1B1.13(b)(3)(D) to show that his sister and brother are incapacitated, or that he is the only available caregiver for his sister, brother, or nephew. Accordingly, I find that the family circumstances Jackson has presented do not constitute extraordinary and compelling reasons warranting release.

### C. § 3553(a) Factors.

Even if Jackson had presented an extraordinary and compelling circumstance, courts must still conduct an individualized application of the relevant § 3553(a) sentencing factors before determining whether relief is warranted. *Kibble*, 992 F.3d at 331. Those factors include the nature and circumstances of the offense; the history

and characteristics of the defendant; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (citing § 3553(a)).

Jackson contends that the good time credits he has earned would have resulted in his release if not for the probation violation detainer against him, that he has maintained employment while incarcerated, paid off his fines, completed reentry and drug abuse programming, and has an immediate job placement in Florida upon release. I acknowledge that Jackson has completed most of his federal sentence and I commend the efforts he has undertaken to rehabilitate himself. I also extend my sympathies to Jackson for the family tragedies he has endured while incarcerated. But even if the sentencing factors were to weigh in Jackson's favor, he has not established an extraordinary and compelling reason warranting relief, as required by § 3582(c)(1)(A).

## IV.

For the foregoing reasons, it is **ORDERED** that the relevant motions, Dkt. Nos. 264, 265, 269, 278, 280, and 287, are DENIED.

ENTER:  December 31, 2025

/s/  JAMES P. JONES
Senior United States District Judge